# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 26, 2016

Plaintiff-Appellee,

v

No. 326567
Oakland Circuit Court

EARL LAMAR GREGORY,

LC No. 2014-250640-FC

Defendant-Appellant.

Before: MURPHY, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant was convicted by a jury of first-degree criminal sexual conduct (sexual penetration with a person under 13) (CSC-I), MCL 750.520b(1)(a). He was sentenced to 25 to 40 years' imprisonment for the CSC-I conviction. Defendant appeals as of right. We affirm.

The events that gave rise to defendant's conviction occurred in June of 2013, when defendant accompanied his caregiver, AR, and another person[1] on an overnight trip from Ohio, where defendant resided, to Michigan pursuant to their involvement in a stage play put on by AR. The party stopped on the way home to see AR's cousin, YW, at YW's house. Also present were several other people, including YW's daughter, who was six years old at the time, WR. AR testified that defendant was only out of his eyesight when defendant went to the bathroom. At some point, YW noticed that WR was acting uncharacteristically quiet and standoffish, and she reacted with apparent disgust to defendant saying "there's my girl" to her. YW asked WR what was wrong, and she replied that "that man is trying to get me to do nasty things," pointing to defendant. YW took AR aside and AR explained that defendant had kissed her and touched her buttocks. Later that evening, WR also told YW that defendant had made her perform oral sex on him. At trial, WR specified that the events took place in the bathroom. The next day, YW took WR to the police to report the incident, and she was directed to take WR to the hospital for a pediatric forensic examination; she was subsequently also referred to Care House for an interview and counseling. A few days before defendant's preliminary examination, WR further disclosed that defendant had also licked her vagina.

---

[1] Other than his name, there is no testimony from or regarding the other person.

-1-

Defendant argues on appeal that the evidence was insufficient to find him guilty of CSC-I beyond a reasonable doubt, because WR's testimony was not credible and Detective David Phillips's testimony regarding defendant's purported confession was ambiguous. We disagree.

We review a challenge to the sufficiency of the evidence to determine whether the evidence presented, when viewed in the light most favorable to the prosecution, could permit a rational trier of fact to find the essential elements of the crime proven beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). The jury is charged with weighing the evidence and assessing the credibility of the witnesses; we are not. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Consequently, we "draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

Defendant does not seriously contest, nor could he, that the essential elements of CSC-I would be established here if WR's testimony were to be believed. Pursuant to MCL 750.520b(1)(a), the two elements are: "(1) [T]he defendant engaged in sexual penetration, (2) with a person under 13 years of age." *People v Duenaz*, 306 Mich App 85, 106; 854 NW2d 531 (2014). As used in MCL 750.520b, the term "sexual penetration" includes fellatio. MCL 750.520a(r). Sexual penetration does not require proof of semen emission. *Id*. Fellatio occurs when there is entry of a penis into another person's mouth. *People v Reid*, 233 Mich App 457, 480; 592 NW2d 767 (1999), citing *People v Johnson*, 432 Mich 931; 442 NW2d 625 (1989). Pursuant to MCL 750.520h, "[t]he testimony of a victim need not be corroborated in prosecutions under [MCL 750.520b]." Clearly, WR's detailed testimony regarding defendant making her perform oral sex on him when she was six years old satisfies these elements.

Defendant's argument is, rather, that WR's testimony *should not* be believed. We disagree. The prosecution presented ample evidence from which a rational jury could conclude that WR's testimony was credible and established the essential elements of CSC-I. Though the details of WR's description of the events varied over time, within hours of the occurrence WR did indicate that defendant made her perform oral sex on him. Thereafter, WR continued to maintain that she performed fellatio on defendant and testified to this effect at trial. The consistency in this detail of WR's recollection—which is, after all, the crux of the charge—can easily justify the jury's finding that WR's testimony was credible. Furthermore, as a general matter, the jury's decision whether to believe a witness cannot be disturbed except in truly exceptional cases where the testimony simply defies all conceivable reason, such as describing something truly impossible or at odds with "indisputable physical facts or . . . physical realities." See *People v Lemmon*, 456 Mich 625, 642-646; 576 NW2d 129 (1998).

Additionally, though a victim's testimony need not be corroborated in a CSC-I case, MCL 750.520h, the prosecution offered evidence from other witnesses to support WR's claims. For example, AR testified that defendant did leave the kitchen to use the bathroom. YW described WR's uncharacteristically negative reaction to defendant after the occurrence. YW also recalled that, after the incident, WR drew a picture of a man with an erect penis, including pubic hair, and said, "[T]his is what the man made me do." Her testimony alone would be sufficient, but additional evidence nonetheless bolsters it.

Defendant also takes exception to Detective Phillips's testimony regarding defendant's interview, contending that at no time did defendant make an admission of guilt. He asserts that, instead, Detective Phillips asked ambiguous questions, never made himself aware that defendant had some mental developmental disabilities, and, by implication, Detective Phillips drew an inappropriate conclusion about what defendant admitted to feeling bad about. We note that Detective Phillips also testified that defendant affirmatively stated that he "didn't do it," and he further testified that his conclusion was only his interpretation of defendant's answers. In any event, defense counsel fully explored any ambiguities in the purported admission, and ultimately the contents of defendant's interview were unnecessary to his conviction. The jury was aware that the interview was arguably imperfect and defendant had some mental challenges, and WR provided testimony regarding each essential element of CSC-I that the jury was free to accept as true. Clearly it did, and we have no basis to disturb that finding.

Affirmed.

/s/ William B. Murphy
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause